FRED W. and MARGARET T. STEFFENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steffens v. Commissioner
Docket Nos. 7636-78, 3620-79.
United States Tax Court
T.C. Memo 1984-592; 1984 Tax Ct. Memo LEXIS 78; 49 T.C.M. (CCH) 54; T.C.M. (RIA) 84592; November 9, 1984. Fred W. Steffens, pro se. Stephen R. Takeuchi and John F. Driscoll, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge:* Respondent determined deficiencies in petitioners' Federal *81 income tax for calendar years 1975 and 1976 in the amounts of $863.14 and $333.64, respectively. The issue for decision is whether petitioners are liable for self-employment tax on the respective amounts of $2,200 and $3,600 received as director's fees by Fred W. Steffens during 1975 and 1976. On October 29, 1981, the Memorandum Findings of Fact and Opinion of this Court was filed (T.C. Memo. 1981-637). On January 8, 1982, the decisions of this Court were entered determining that there was no deficiency in income tax due from the petitioners for the taxable year 1975 and that there was no deficiency in income tax due from, or overpayment due to, petitioners for the taxable year 1976. In Steffens v. Commissioner,707 F.2d 478 (11th Cir. 1983), the Court of Appeals for the Eleventh Circuit reversed and remanded the case to this Court for further proceedings not inconsistent with its opinion.[1] The Circuit Court reversed our holding that the activities of Mr. Steffens (petitioner) as a director of Kansas-Nebraska did not constitute a "trade *82 or business" and directed us on remand to determine whether this activity falls within one of the exclusions from "trade or business" set forth in section 1402(c)(2). [2] In its opinion the Circuit Court stated (707 F.2d at 483): Our conclusion that the Tax Court erred in holding Steffens was not engaged in the trade or business of being a * * * corporate director does not end the inquiry. In expanding the coverage of the social insurance programs to self-employed individuals, Congress intended to cover all gainfully employed individuals except certain defined classes of individuals. S.R. No. 1669, supra. Pursuant to the statutory scheme, the analysis should proceed for a determination of whether Steffens falls within one of the excluded classes. See Simpson v. Commissioner,64 T.C. 974 (1975). Although a decision of the Tax Court may be affirmed on a different theory of law from that relied on in the court below, the better course is to remand for a new hearing when such a theory has no factual basis in the record. Jefferson Memorial Gardens, Inc. v. Commissioner,390 F.2d 161 (5th Cir. 1968). *83 Pursuant to a joint motion for leave to submit case on remand under Rule 122, Tax Court Rules of Practice and Procedure, there was no further hearing for the submission of evidence but all further evidence was submitted in a stipulation of the parties. We will not repeat in this opinion the findings of fact set forth in our prior opinion but will find only the additional facts stipulated by the parties necessary to an understanding of our conclusions. Subsequent to his retirement from the Kansas-Nebraska Natural Gas Company (Kansas-Nebraska) in 1971, petitioner continued to serve as a member of the company's board of directors. As a director of Kansas-Nebraska, petitioner attended four meetings a year, each requiring only 6 hours or less of his time. Petitioner received director's fees of $2,200 and $3,600 from Kansas-Nebraska in 1975 and 1976, respectively. Members of the board of directors of Kansas-Nebraska were elected to serve on the board by stockholder vote on an annual basis. The fees received by members of the board of directors were established by the company's executive committee with fixed fees both for annual service upon the board and for the actual *84 number of board meetings attended. As a member of the board of directors, petitioner's function was to attend four director's meetings a year and generally review management's administrative policies. Section 1401 imposes a self-employment tax on each individual's "self-employment income." Section 1402(a) generally defines net earnings from self-employment to mean the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed for computing self-employment net earnings which are attributable to such trade or business. Section 1402(c) after defining "trade or business" excludes from that definition the following: (2) the performance of service by an individual as an employee, other than -- (A) service described in section 3121(b)(14)(B) performed by an individual who has attained the age of 18, (B) service described in section 3121(b)(16), (C) service described in section 3121(b)(11), (12), or (15) performed in the United States (as defined in section 3121(e)(2)) by a citizen of the United States, (D) service *85 described in paragraph (4) of this subsection, and (E) service performed by an individual as an employee of a State or a political subdivision thereof in a position compensated solely on a fee basis with respect to fees received in any period in which such service is not covered under an agreement entered into by such State and the Secretary of Health, Education, and Welfare pursuant to section 218 of the Social Security Act; (3) the performance of service by an individual as an employee or employee representative as defined in section 3231; (4) the performance of service by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order; (5) the performance of service by an individual in the exercise of his profession as a Christian Science practitioner; or (6) the performance of service by an individual during the period for which an exemption under subsection (h) is effective with respect to him. The only exclusion from the definition of "trade or business" which *86 petitioner contends is applicable here is "the performance of service by an individual as an employee." We must therefore determine whether as a director of Kansas-Nebraska, petitioner was an employee of that corporation. Section 1402(d) provides that the term "employee" shall have the same meaning as when used in chapter 21 (section 3101 and following relating to the Federal Insurance Contributions Act). Section 3121(d)(2) defines an employee as any individual who under the usual common law rules applicable in determining the employer-employee relationship has the status of an employee. Section 31.3121(d)-1(b), Employment Tax Regs., which addresses whether a corporate officer or a director of a corporation is an employee of the corporation, provides as follows: (b) Corporate officers. Generally, an officer of a corporation is an employee of the corporation. However, an officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, *87 any remuneration is considered not to be an employee of the corporation. A director of a corporation in his capacity as such is not an employee of the corporation. As we pointed out in Ellison v. Commissioner,55 T.C. 142, 152-153 (1970), whether the employer-employee relationship exists in a given situation is a question of fact, and petitioner has the burden of proving the existence of the employer-employee relationship. As we further pointed out, an employee relationship exists when the employer retains the right to direct the manner in which the work is done and to control the methods used in doing the work, as well as the details and means by which the desired result is accomplished. See Ellision v. Commissioner,supra at 152-153, and cases cited therein. In Simpson v. Commissioner,64 T.C. 974, 984-985 (1975), we stated: Among the relevant factors to which the courts have looked in determining the substance of the employment relationship are the following: (1) The degree of control exercised by the principal over *88 the details of the work, (2) which party invests in the facilities used in the work, (3) the opportunity of the individual for profit or loss, (4) whether or not the principal has the right to discharge the individual, (5) whether the work is part of the principal's regular business, (6) the permanency of the relationship, and (7) the relationship the parties believe they are creating. Sec. 31.3121(d)-1(c)(2), Employment Tax Regs.; United States v. Silk,331 U.S. 704, 716 (1947); J. G. Ellison,supra at 153; Illinois Tri-Seal Products, Inc. v. United States,173 Ct. Cl. 499, 353 F.2d 216, 228 (1965); 1 Restatement of Agency 2d, supra.
In our view, it is clear that petitioner as a director of Kansas-Nebraska was not an employee of that company within the provisions of section 31.3121(d)-1(b) of the Employment Tax Regulations[3] and under the factors listed in the Simpson case. *89 The record in this case does not show that Kansas-Nebraska had the power to control the details of petitioner's work as a director. Petitioner has not shown the extent, if any, to which he used the facilities of Kansas-Nebraska to perform his duties as a director. In his capacity as a director, petitioner attended four meetings a year, each requiring 6 hours or less of his time, and in return he received $2,200 in 1975 and $3,600 in 1976 from Kansas-Nebraska. At the time petitioner elected to take early retirement from the employment of Kansas-Nebraska on July 1, 1971, he waived all employment benefits normally available to employees of Kansas-Nebraska. In pertinent part, the agreement between petitioner and Kansas-Nebraska provides as follows: Section 4. Since Steffens will not be an employee of K-N, he will not be entitled to participate in any pension, retirement plan, group life or other insurance or medical expense plans maintained or offered by K-N to its officers or employees except such of said plans in which Steffens is eligible to participate as a retired employee of K-N. [Emphasis added.] The Court of Appeals directed us to determine whether *90 petitioner fell within an excluded class as specified in section 1402(c)(2). In our view, petitioner has failed to prove that he was an employee of Kansas-Nebraska through his membership on its board of directors in 1975 and 1976. We therefore hold that the director's fees received by petitioner from Kansas-Nebraska in 1975 and 1976 constitute self-employment income in accordance with section 1402(c)(2). Decisions will be entered under Rule 155.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge J. Gregory Bruce↩ to Judge Irene F. Scott.
1. Certain issues decided by this Court were not appealed to the Circuit Court of Appeals for the Eleventh Circuit and one of the issues involved in the appeal has been disposed of by agreement of the parties. ↩
2. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
3. Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the Internal Revenue Code. Commissioner v. South Texas Lumber Co.,333 U.S. 496 (1948); Topps of Canada, LTD v. Commissioner,36 T.C. 326, 336↩ (1961).